Filed 2/20/14  P. v. Rojas CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARON ESQUEDA ROJAS,<br><br>    Defendant and Appellant. | B245433<br><br>(Los Angeles County<br>Super. Ct. No. PA068009) |

    APPEAL from a judgment of the Superior Court of Los Angeles County.  Beverly Reid O'Connell , Judge.  Modified and affirmed; remanded with directions.

    Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

    Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, and Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Aaron Esqueda Rojas[1] appeals from the judgment entered following a jury trial in which he was convicted of second degree murder and evading an officer, causing death.

Defendant contends the trial court deprived him of two days of actual presentence custody credit. The Attorney General agrees defendant is entitled to at least one, and perhaps two, additional days and requests that we remand for the trial court to determine the correct credit.

We agree defendant is entitled to at least one, and probably two, additional days for presentence actual custody. Given the parties' disagreement regarding the second day of credit and the state of the record, we modify the judgment by increasing defendant's pretrial credit by one day and remand for the trial court to determine whether he is entitled to an additional day of credit.

## BACKGROUND

Defendant was charged with murder and evading an officer, causing death, based upon a June 10, 2010 incident in which defendant sped away from an attempted felony stop of the car he was driving, lost control of his car, and struck a six-year-old girl, inflicting fatal injuries upon her. Because the only evidence presented at trial relevant to the sole issue raised on appeal pertains to the date and timing of defendant's arrest, we summarize only that evidence.

After defendant's car struck the girl, it collided with a wall. Defendant and one of his two passengers fled on foot, and the Los Angeles Police Department officers who had been pursuing defendant's car chased them. Defendant managed to elude the two officers who were chasing him. Police cordoned off the area and called in additional officers, including a canine team. Officer Cliff Chu, who was part of the "K-9 platoon," testified his team arrived in the "late afternoon or early evening," "while it was still daylight." A police dog tracked a scent to the gated yard of a residence. The dog handler

_____

[1] Defendant testified that his correct name is Horacio Amaya Cruz. On appeal he

2

pulled the dog back and the officers met to formulate a plan. Once the officers opened the gate and scanned the yard, the dog was deployed again and ran to a covered trash can, at which he barked. Officers then found defendant inside the trash can and arrested him. Chu testified that "a considerable amount of time" elapsed between the time he arrived on the scene and the time he arrested defendant. He explained, "When I first arrived it was still daylight, and when [defendant] was in custody it was nighttime. I would say at least two hours."

Officer Ruben Aguirre, who was one of the officers who chased defendant on foot, testified that after he lost sight of defendant, he broadcast for other officers to establish a perimeter. Aguirre participated in that perimeter for "[a]t least the first couple of hours." After that, he "was told to just kind of wait and hang out until either the search was called off or the guy was in custody." Eventually, he went to meet up with the K-9 officers and identified defendant as the man he had been chasing.

Defendant testified he hid in the trash can "for hours."

The probation report lists defendant's date of arrest as June 10, 2010, at 8:55 p.m.

The jury convicted defendant of second degree murder and evading an officer, causing death. Defendant admitted he had served three prior prison terms within the scope of Penal Code section 667.5, subdivision (b). The trial court sentenced defendant to an aggregate term of 18 years to life in prison.

## DISCUSSION

At the sentencing hearing, the court asked defense counsel what defendant's actual custody credit should be. Defense counsel did not know, and the court asked the clerk to "look it up." The court then stated, "His arrest date was June 11, 2010. I have 874." Defense counsel agreed, saying, "That's correct." The court then awarded defendant 874 days of actual custody credit.

---

asserts this is the name under which he is incarcerated.

3

Defendant subsequently asked the trial court to award him two additional days of actual custody credit, but the trial court denied his request.

Defendant contends he was entitled to two additional days of actual custody credit because he was arrested on June 10, 2010, not June 11, 2010, he was sentenced on November 1, 2012, and the length of that period, including the date of arrest and date of sentencing, is 876 days.

The Attorney General agrees with defendant's mathematical calculation and agrees that defendant is entitled to at least one more day of actual custody credit, but notes "conflicting evidence" regarding whether defendant was arrested on June 10, 2010, or June 11, 2010. Accordingly, the Attorney General requests that we remand for the trial court to determine the date of defendant's arrest.

We agree with the Attorney General, but modify the judgment to award the one additional day of credit upon which the parties agree. There was no testimony regarding the exact timing of defendant's arrest. The evidence shows that officers began searching for him sometime in the "late afternoon or early evening," but defendant hid in the trash can "for hours" while that search continued after darkness fell. Although defendant hid for "at least two hours," the exact number of hours is unknown. Thus, while it seems likely defendant was arrested on June 10, 2010, as reflected in the probation report, it is possible that he was not arrested until after midnight, which would be consistent with the trial court's statement. Factual disputes are properly resolved in trial courts, not appellate courts.

Accordingly, we award defendant one additional day, but remand with directions to the trial court to determine the date of defendant's arrest and award an additional day of credit if defendant was arrested on June 10, 2010.

# DISPOSITION

The judgment is modified by awarding defendant one additional day of presentence actual custody credit for a total of 875 days. The cause is remanded for the trial court to conduct a hearing to determine the date of defendant's arrest. If the trial court determines defendant was arrested on June 10, 2010, the trial court must award him another day of actual custody credit for a total of 876 days of presentence actual custody credit. The trial court is directed to issue an amended abstract of judgment reflecting the new credit award of 875 or 876 days and to send a copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


CHANEY, Acting P. J .


JOHNSON, J.

---

&ast; Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.